(March 31, 1919.)

R. A. JONAS, Appellant, v. M. W. FROST and the RED HORSE MINING COMPANY, a Corporation, Respondents.

[179 Pac. 949.]

CORPORATIONS—CORPORATE STOCK — ASSESSMENTS — INJUNCTION — ESTOPPEL.

1. On motion to dissolve a preliminary injunction, evidence cannot be considered which is foreign to the issues raised by the pleadings.

2. Where neither the articles of incorporation nor the by-laws provide that the stock of a corporation shall be nonassessable, but where the stock is issued as nonassessable to an original incorporator, and is still owned by such incorporator, he may waive his right to claim that his stock is nonassessable, and he does so waive such right when he knows all of the conditions and when he meets with the directors and stockholders where a by-law is authorized and enacted making the stock assessable, and where with full knowledge he acquiesces in the payment of several assessments and makes no objection to the enactment of such by-law.

[As to definition of assessment, see note in 76 **Am. St.** 126.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge

Appeal from an order dissolving a temporary injunction. *Affirmed.*

J. F. Ailshie and T. C. McDonald, for Appellant.

When stock certificates are delivered to all stockholders stating on their face that the stock represented by them is "fully paid up and nonassessable" (there being no contract to the contrary), none of the capital stock of such corporation is subject to assessment. (*Wall v. Basin Mining Co.,* 16 Ida. 313, 101 Pac. 733, 22 L. R. A., N. S., 1013.)

In the absence of statutory authority or power given in and by the articles of incorporation, such nonassessable stock cannot afterward be made assessable by amendment of the corporation's by-laws against the will and consent of the owner of such stock. (*Wall v. Basin Mining Co., supra; Garey v. St. Joe Mining Co.,* 32 Utah, 497, 91 Pac. 369, 12 L. R. A., N. S., 554.)

A court having proper jurisdiction will restrain any corporation seeking to assess such nonassessable stock from selling it for nonpayment of an alleged assessment. (*Porter v. Northern Fire & Marine Ins. Co.,* 36 N. D. 199, 161 N. W. 1012; *Lum v. American Wheel & Vehicle Co.,* 165 Cal. 657, Ann. Cas. 1915A, 816, 133 Pac. 303.)

An illegal assessment is not made good by assent to former illegal assessments. (*Atlantic De Laine Co. v. Mason,* 5 R. I. 463 (referred to in note, 45 L. R. A. 648); *Somerset & K. R. Co. v. Cushing,* 45 Me. 524.)

C. H. Potts, for Respondents.

"An objection to an assessment on corporate stock, not within any issue raised by the pleadings, will not be considered on appeal." (*Smith v. Sinaloa Land & Fruit Co.,* 42 Utah, 445, 132 Pac. 556.)

"A shareholder may by his conduct validate an irregular assessment; as by participating in a meeting called for the purpose of organization, submitting to be elected director, and acting as such; or by assisting in framing the by-law under which the assessment was levied, and voting for its adoption." (10 Cyc. 527, note 56; *Green v. Abetine Medical Co.*, 96 Cal. 322, 31 Pac. 100; 2 Pomeroy on Equity Jur., sec: 816; 22 Cyc. 777; 7 R. C. L. 180; *Ireland v. Palestine etc. Co.*, 19 Ohio St. 369.)

STEELE, District Judge.—This appeal was taken from an order of the district court of the eighth judicial district, dissolving a preliminary injunction, granted upon the sworn complaint of the appellant.

The controversy arises over the proposed sale of stock of the Red Horse Mining Company for nonpayment of assessments. The appellant in his complaint relied upon three grounds for temporary injunction: First, that the stock of the corporation was issued as fully paid up and nonassessable; second, that the meeting at which the assessment complained of was levied was not a legal meeting, because of lack of notice to all the directors; third, that the defendant, M. W. Frost, as president of the mining company, executed a false proof of labor, and made certain false representations, inducing the levy of said assessment.

The respondents moved to dissolve the injunction, and based their motion upon the sworn answer filed therewith, and two affidavits in support of the answer. In such answer the respondents denied each and all of the material allegations of the complaint, and set forth two affirmative defenses, the first of which, in substance, was that at the meeting at which the assessment was made all of the directors except two were present, one of whom was the wife of the appellant, and that all were notified; that the appellant was present, participated in all of the proceedings; did not, at any time, prior to the commencement of this action, object to the holding of the meeting or of the transaction of any business therein, and assented to all proceedings taken at the meeting; that the

appellant seconded the motion made to levy the assessment, and that all of the directors present, including the appellant, voted for the motion; that the appellant authorized the defendant Frost to execute the proof of labor, and by reason of such acts was estopped from questioning the validity of the meeting or any of the proceedings taken.

The second affirmative defense alleges, in substance, that the appellant was one of the original incorporators, and that he was issued 230,000 shares of stock as one of the incorporators; that none of the stock which he holds was purchased, but was merely issued to him as one of the original incorporators, as promoter's stock; that at the time of the issuing of said stock the corporation had not, by its by-laws, or by its articles of incorporation, provided that the stock should be non-assessable, but that the stock was so issued by inadvertence, stating that the stock was nonassessable; that thereafter, the appellant, in a meeting of the stockholders called to make the stock assessable, voted for the calling of the directors' meeting, was present at the stockholders' meeting, voted to make the stock assessable and for the adoption of a by-law so providing; that immediately afterward the appellant surrendered all of his stock except one certificate for a thousand shares, and accepted in lieu thereof other certificates of stock, which did not bear the word "nonassessable" and which were understood by the appellant to be assessable. That thereafter five different assessments were levied on the stock which appellant paid, and that all of these assessments were made through the active participation of appellant; that the appellant was present and voted to make the assessment which is now in controversy; and respondents claim that appellant is estopped from claiming the stock is nonassessable.

The temporary injunction was granted on appellant's suggestions that the stock was fully paid up and nonassessable; that the meeting at which the levy was made was illegal, and that respondent, Frost, made certain misrepresentations inducing the levy of the assessment with regard to the proof of labor, and these allegations, together with the answer of re-

spondents, form the issues upon which the case may be determined.

*In limine* the court calls attention to the fact that any evidence offered, not within the issues, cannot be considered by the court on appeal. Appellant has filed some affidavits bearing upon what might have been made issues, but which cannot be considered under the rule of law above stated.

In case of *Smith v. Sinaloa Land & Fruit Co.*, 42 Utah, 445, 132 Pac. 556, the court uses the following language: "An objection to an assessment on corporate stock, not within any issue raised by the pleadings, will not be considered on appeal."

Concerning the first question raised by the complaint with reference to the invalidity of the meeting at which the assessment was voted, it may be said that after appellant, as a director and stockholder, had submitted to the action taken by the stockholders and directors, and had paid five previous assessments, he cannot now be heard to raise the question that the meeting was invalid. The failure of an absent trustee to take steps toward setting aside the action of the board, after being advised of all the circumstances, ratifies the action of the board. Appellant was a member of the board of directors and was present at all the meetings at which action was taken under the by-law making the stock assessable, and made no protest or objection, but acquiesced in the action of the board of directors in making such by-law, and, in fact, took part in making the by-law, and, therefore, he has ratified the action taken at the meeting.

A full and thorough examination of the record convinces the court that substantially all the allegations made in the second affirmative defense are shown to be true. In fact, practically all the said allegations are based upon the records of the mining company, and are not denied by appellant. It is shown that appellant was a director of the company and a stockholder; that he attended both the stockholders' meeting and the directors' meeting; that he seconded the motion to change the stock from nonassessable stock to that which could be assessed; that he paid five assessments on his stock without any objection, prior to the assessment now in controversy; that

when the by-law was enacted, he surrendered practically all his stock certificates, which provided on their face that the stock was not assessable, and accepted in lieu thereof certificates of stock with such words omitted. The only other question necessary for the court to decide is whether under such circumstances appellant can be heard to object to the enactment of a by-law changing the stock from being nonassessable to assessable.

It is held by all the courts that where stock is issued and delivered to a stockholder, with the words printed upon the face of the stock that it is nonassessable, that this creates a contractual relation between the corporation and the stockholder. This being true, the stockholder and the mining company may change the contract by agreement, and where a stockholder does so agree with a corporation, and all of the stock of the stockholders is changed from nonassessable to assessable stock, the stockholder who so agreed cannot object to his stock being made assessable. A sufficient consideration exists to support the contract in that other stockholders are to give up their nonassessable stock and accept assessable stock, the same as the objecting stockholder. (*Wall v. Basin Mining Co.*, 16 Ida. 313, 101 Pac. 733, 22 L. R. A., N. S., 1013.)

It is the opinion of the court, also, that appellant is estopped from claiming that his stock was nonassessable. A stockholder occupying a contractual relation between himself and the corporation may waive his right of immunity from assessment, and may become liable by his own act or consent. He may become estopped from denying it by his act or by his silence.

In case of *Ireland v. Palestine etc. Co.*, 19 Ohio St. 369, the court uses the following language: ''The stockholder may waive his constitutional right, and become liable by his own acts or consent. For this purpose, it is not even necessary that he should give his express or direct consent. It may be implied or he may be estopped from denying it by his acts or by his silence and apparent acquiescence.''

To permit appellant now to claim that his stock is non-assessable, after other stockholders have surrendered their stock in the same manner that appellant did and are paying their assessments on stock, would be inequitable and unjust to such other stockholders.

The question raised by appellant that respondents are endeavoring to virtually take his stock and do him great damage, whereas but little damage would be done in holding that the stock was nonassessable, does not apply to the facts in this case. Appellant can pay his assessments the same as the other stockholders, and it would not appear that such great damage would be done to him by so doing. He would have his stock, and he would be doing what all of the other stockholders have done, viz., paying the assessments.

The court has examined all of the questions raised by appellant and finds that the district court did right in dissolving the preliminary injunction, and the order of the trial court is affirmed. Costs are awarded to respondents.

Morgan, C. J., and Rice, J., concur.

---

(July 1, 1918.)

